# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| RANDY C. WHITE, ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> ALLISA MCCASLAND, ) <br> ) <br> Defendant. ) <br> ) | No. 19-1167-JDT-cgc |

## ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND ASSESSING $350.00 CIVIL FILING FEE IN ACCORDANCE WITH PLRA, DISMISSING COMPLAINT WITHOUT PREJUDICE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On August 12, 2019, Plaintiff Randy C. White, Tennessee Department of Correction prisoner number 128543, who is incarcerated at the Bledsoe County Correctional Complex (BCCX) in Pikeville, Tennessee, filed a *pro se* complaint against Defendant Allisa McCasland,[1] along with a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On August 12, 2019, the Court issued an order directing White to submit either the entire civil filing fee or a copy of his inmate trust account statement as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) He submitted a certification of his trust account statement on September 5, 2019. (ECF No. 5.)

---

[1] In White's documents, he has spelled the Defendant's first name in several ways, as "Allisa," (ECF No. 1 at PageID 1), "Allisha," (*id.* at PageID 3), "Lisa," (ECF No. 2 at PageID 9), and "Alliss," (ECF No. 5-1).

Under the PLRA, a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[2] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments.[3] *Id.* at 604. In this case, White now has properly submitted an *in forma pauperis* affidavit and a certification of his trust account statement as required by 28 U.S.C. § 1915(a)(2). The motion to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA.

Plaintiff is ORDERED to cooperate fully with prison officials in carrying out this order. It is ORDERED that the trust account officer at Plaintiff's prison shall calculate and submit to the Clerk of Court a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit. 28 U.S.C. § 1915(b)(1).

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's trust account and submit to the Clerk monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

---

[2] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The schedule of fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case. However, the additional $50 fee does not apply if a plaintiff is granted leave to proceed *in forma pauperis*.

[3] In the cover letter accompanying the certification of his trust account, White states he cannot afford to pay a filing fee and then have his case dismissed. However, as indicated, the obligation to pay the filing fee accrues when the case is filed and does not depend on whether the case is allowed to proceed or is dismissed, no matter if the case was filed in the wrong court. Even a voluntary dismissal by a plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).

Each time the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment. All payments and account statements should be sent to:

> Clerk, United States District Court, Western District of Tennessee,
> 111 S. Highland Ave., Rm. 262, Jackson, TN 38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

The Clerk shall mail a copy of this order to the official in charge of trust fund accounts at Plaintiff's prison. The Clerk is further directed to forward a copy of this order to the Warden of the BCCX to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

White alleges in his complaint that in October 2018 he withdrew $10,000 from his bank in Collinwood, Tennessee, and paid the money to Defendant McCasland for a used Ford Airbus. (ECF No. 1 at PageID 3.) White and McCasland then went to the Collinwood Courthouse, where White paid for the title of the vehicle to be changed into his name. (*Id.*) White alleges that when they exited the Courthouse, McCasland would not give him any papers or the title to the vehicle. (*Id.* at PageID 3-4.) When he got back to the Airbus it was gone, along with his vintage 1977 Toyota Celica. (*Id.* at PageID 4.) White states he "finally" found both vehicles at McCasland's home and called the Wayne County Sheriff. However, the Sheriff refused to do anything, deeming it a civil matter. (*Id.*) White alleges his car had been stripped and wrecked so that he had to have it towed home. (*Id.*) He also states that he had personal possessions and legal papers in the Airbus that still have not been returned to him. (*Id.*)

White seeks to recover the $10,000 he paid for the Airbus, compensation for the damage to his car, reimbursement for the towing bill, and $25,000 for the "fraud and suffering [McCasland] committed on me." (*Id.* at PageID 5.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting

4

*Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

This Court lacks subject-matter jurisdiction over White's claims. The United States Supreme Court has stated:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.") A federal court may address its subject-matter jurisdiction *sua sponte*. *See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. 694. 702 (1982) ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"). Furthermore, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

White's complaint does not state any basis for federal subject-matter jurisdiction in this case. Though he filed the complaint on the form used for commencing actions under 42 U.S.C. § 1983, there is no allegation that the action arises "under the Constitution, laws, or treaties of the United States," as required for federal question jurisdiction under 28 U.S.C. § 1331. White does

not allege that McCasland violated his civil rights or that she acted under color of state law. He appears to contend only that she committed fraud, a claim arising under Tennessee law.

The complaint also does not allege that White and McCasland are citizens of different states, as required for diversity jurisdiction under 28 U.S.C. § 1332(a). The complaint indicates that McCasland resides in Collinwood, Tennessee, (ECF No. 1 at PageID 3), and White does not allege she is a citizen of a state other than Tennessee. Neither does White allege that he is a citizen of a different state.[4]

For the foregoing reasons, White's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3).[5]

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by White in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for lack of jurisdiction also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by White would not be taken in good faith.

---

[4] There is a presumption that a prisoner retains his prior citizenship while incarcerated. *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973); *see also Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001).

[5] White asks if he should have filed his case in either Wayne or Hardin County. (ECF No. 5-1.) The Court cannot advise White specifically, but venue in Tennessee courts generally is proper in the county where the cause of action arose. *See* Tenn. Code Ann. § 20-4-101.

The Court must also address the assessment of the $505 appellate filing fee if White nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore*, 114 F.3d at 610-11. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, White is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE